UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QWEST CORPORATION,

                    Plaintiff,

v.

CITY OF KENT,

                    Defendant.

No. C04-2216P

ORDER ON THE PARTIES'
CROSS-MOTIONS FOR
SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 10 & 11). At issue are the definition of the term "aerial supporting structures" as used in RCW §35.99.060(3)(b) and the Washington legislature's intent as to whether or not utility service providers should be reimbursed proportionate to the number of "aerial supportin structures" they own, or whether, owning any part of an "aerial supporting structure" a provider is entitled to the full incremental cost of undergrounding, as opposed to aerial relocation, of its facilities. Having received and reviewed both parties' motions and all papers and pleadings associated therewith, as well as having heard oral argument on this issue, the Court has decided to certify this question to the Washington State Supreme Court because any decision this Court may render will not be binding on future disputes regarding these issues.

## BACKGROUND

Plaintiff Qwest brings this action for a declaratory judgment seeking the Court's interpretation of the phrase "aerial supporting structures," as used in RCW §35.99.060(3)(b). RCW §35.99.060 is a

MINUTE ORDER - 1

section of the Washington State Code chapter entitled, "Telecommunication, Cable Television Service–Use of Right of Way." Section 35.99.060 within this chapter refers to, "Relocation of facilities–Notice–Reimbursement." The parts of this section that are pertinent to this litigation read:

> (1) Cities and towns may require service providers to relocate authorized facilities within the right of way when reasonably necessary for construction, alteration, repair, or improvement of the right of way for purposes of public welfare, health, or safety.
>
> . . . .
>
> (3) Service providers may not seek reimbursement for their relocation expenses from the city or town requesting relocation under subsection (1) of this section except:
>
> . . . . .
>
> (b) Where aerial to underground location of authorized facilities is required by the city or town under subsection (1) of this section, for service providers with an ownership share of the aerial supporting structures, the additional incremental cost of underground compared to aerial relocation, or as provided for in the approved tariff if less, will be paid by the city or town requiring relocation. . .

Wash. Rev. Code Ann. §35.99.060 (2005-2006).

The dispute in this case arises from three separate aerial to underground relocation projects that Kent requested that Qwest perform and which Qwest finished. Upon completion of these projects, Qwest sent Kent a bill for what it believed was owed to it by Kent pursuant to RCW 35.99.060(b)(3) for its costs in relocating its facilities. Qwest is asserting that because it owns at least some of the aerial supporting structures that were affected by these three projects, it is entitled to reimbursement by Kent for all of its costs of re-location. Kent refused to pay the bill, claiming that the statute did not create an obligation for Kent to pay all of Qwest's costs for the underground re-location. The conflict between the parties stems from the ambiguity of the phrase "aerial supporting structures" which is undefined in the statute. Plaintiff Qwest claims that this term encompasses all of the supporting elements that keep telephone wires in the air–strand, bolts, cross-arms, guy wires, poles, brackets, and all other hardware associated with these items. Kent claims that the Washington

MINUTE ORDER - 2

legislature intended a much narrower definition for "aerial supporting structures" and claims that this term only encompasses the wide variety of telephone and electrical poles, glu-lams, "push-brace" poles, and towers. (Tomac Decl. at ¶¶ 7-14).

Additionally, depending on the Court's interpretation of "aerial supporting structures," the parties disagree about the amount owed to Qwest by Kent. Qwest takes the position that if any portion of the "aerial supporting structures" is owned by a utility provider, that provider is entitled to full compensation by the municipality for the additional cost of undergrounding versus aerial re-location. Kent, on the other hand, states that it is only liable to pay for the portion of the undergrounding proportionate to the percentage of "aerial supporting structures" that the utility provider owns.

**II. Certification of the Question**

When construing statutory language, the Court's primary task is to discern the legislature's intent from the language of the statute. State v. J.P., 149 Wn. 2d 444, 450, 69 P. 3d 318 (2003). RCW §35.99.060 was passed in 2000. Because it is a relatively new statute, there is no Washington case law interpreting the term "aerial supporting structures." Additionally, the Court's review of the legislative history of this statute sheds very little light on what the legislature actually intended. For this reason, the Court notes that any interpretation that it might impose on this statute would be purely speculative and, as it would not be binding, would do little to settle this question for prospective litigants. Where state law is unclear, a federal court has discretionary power to stay or to dismiss an action while the parties litigate for clarification of the statute in state court. E.g. Grisham v. Philip Morris U.S.A., 403 F. 3d 631 (9th Cir. 2005). Because this is a question that could arise again between other municipalities and utilities providers and because the federal appeals process is a protracted one, this Court finds that the purposes of judicial economy and certainty in the dispute

MINUTE ORDER - 3

resolution process are best served by staying this action pending certification of the issues in this litigation to the Supreme Court of Washington.

### III. Framing the Questions for Certification

At oral argument, the Court queried the parties about possible formulations of the questions that should be certified to the Washington State Supreme Court. As noted above, the two main issues for resolution are: 1) what is the meaning of "aerial supporting structures" as used in RCW §35.99.060(3)(b); and 2) should utilities providers be reimbursed by municipalities for the incremental cost of undergrounding proportionate to the number of "aerial supporting structures" owned or should they be reimbursed for the total incremental cost of undergrounding if they own a share of any "aerial supporting structure?" The parties to this litigation shall confer and submit a proposed set of questions addressing these issues to this Court for certification to the Washington State Supreme Court within ten (10) days of the date of this Order. If the parties cannot reach an agreement as to the wording of the questions that should be certified, each party shall submit its proposed questions to this Court on the date that the questions are due and the Court will formulate the questions itself.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: January 27th, 2006

Marsha J. Pechman
United States District Judge

MINUTE ORDER - 4